# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50441
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:96-CR-62-2

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Jose Garcia, federal prisoner # 69090-080, pleaded guilty to possession with intent to distribute methamphetamine; aiding and abetting, and he was sentenced to a term of imprisonment of 360 months. He seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Garcia is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50441

challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

Garcia argues that the district court abused its discretion in denying his § 3582(c)(2) motion because it failed to reconsider the 18 U.S.C. § 3553(a) factors or his extensive rehabilitation efforts, his use of prison educational programs, or his good conduct during his imprisonment. He complains that the district court did not take into account that the Sentencing Commission determined that the amendment would not jeopardize public safety.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). In its order denying relief, the district court implicitly determined that Garcia was eligible for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). However, the district court denied his motion as a matter of discretion, after considering Garcia's mitigating arguments and the nature and seriousness of his offense. Because the district court gave due consideration to Garcia's motion and the § 3553(a) factors, Garcia has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Henderson*, 636 F.3d at 717.

Regarding the district court's failure to appoint counsel, Garza had no constitutional or statutory right to counsel in the § 3582(c)(2) proceeding, and he has not shown that fundamental fairness or the interests of justice required the appointment of counsel. *See United States v. Whitebird,* 55 F.3d 1007, 1010-11 (5th Cir. 1995).

This appeal does not present a nonfrivolous issue. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Garcia's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See*

No. 15-50441

*Baugh,* 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.    Garcia's motion for appointment of counsel is DENIED.